CENTRAL OHIO R. CO. et al. v. MAHONEY. (Circuit Court of Appeals, Sixth Circuit. April 8, 1902.) No. 765. In Error to the Circuit Court of the United States for the Eastern Division of the Southern District of Ohio. For former opinion, see 114 Fed. 732. J. H. Collins, for plaintiff in error. Emmett Tompkins and Thomas Steele. for defendant in error. Before LURTON and DAY, Circuit Judges, and CLARK, District Judge.

PER CURIAM. There arises in this case a question of law upon which this court desires the instruction of the supreme court for its proper decision. It is therefore ordered that the statement and question here following be certified to the supreme court, as provided by the sixth section of the act of March 3, 1891: The plaintiff, a citizen of the state of Ohio, brought suit in a common pleas court of the state of Ohio to recover damages for a personal injury sustained by him against the Central Ohio Railroad Company, as reorganized, a corporation of the state of Ohio, and against John K. Cowen and Oscar G. Murrey, as receivers for the Baltimore & Ohio Railroad Company, a corporation of the state of Maryland. The petition averred that the injuries suffered by him were sustained in consequence of his wrongful and violent ejection from a moving passenger train, which he had boarded for the purpose of becoming a passenger thereon. The petition avers that the railroad owned by the defendant the Central Ohio Railroad Company had been long under a lease to the Baltimore & Ohio Railroad Company; that said Cowen and Murrey had been appointed receivers of the property of the Baltimore & Ohio Railroad Company and as such placed in possession of same, including its leasehold interest in said Central Ohio Railroad Company, under a decree of the United States circuit court. The train from which the plaintiff was so ejected was a train operated by the said receivers on the railroad of the said Central Ohio Railroad Company. The joint liability of the said Central Ohio Railroad Company, as reorganized, and the said receivers, to the plaintiff, is based upon section 3305 of the Revised Statutes of Ohio, which provides that "the company to whom any railroad is leased if a corporation of any other state, shall be subject to all the restrictions, disabilities, and duties of a railroad company incorporated within this state; and notwithstanding such lease the corporation of this state, lessor therein, shall remain liable as if it operated the road itself, and both the lessor and lessee shall be jointly liable upon all rights of action accruing to any person for any negligence or default growing out of the operation and maintenance of such railroad, or in anywise connected therewith, and may be jointly sued in any of the courts of this state of proper jurisdiction, and prosecuted to final judgment therein as in other cases of joint liability; and provided that service may be had upon said companies, or either of them, by the service of process upon any officer or agent of either of said companies." The ad damnum clause of the petition laid the damage sustained at $20,000. Upon the petition of the said receivers alone, the said suit was seasonably removed into the circuit court of the United States for the proper district. The petition, as ground for removal, averred that "this cause is a suit of a civil nature. between Daniel J. Mahoney, as plaintiff, who was at the time of the institution of this suit, and still is, a citizen of the state of Ohio, residing at ———, and your petitioners, John K. Cowen and Oscar G. Murrey, as receivers of the Baltimore & Ohio Railroad Company, and the Central Ohio Railroad Company, as reorganized, as defendants, but the defendant herein, the Central Ohio Railroad Company, as reorganized, has no interest or liability jointly with the said receivers of the Baltimore & Ohio Railroad Company; that the said John K. Cowen and Oscar G. Murrey, as such receivers, were at the time of the institution of this suit, and still are, citizens

of the state of Maryland, residing at Baltimore city, in said state." The Central Ohio Railroad Company, as reorganized, did not join in this petition for removal, and there was no averment or facts showing any separable controversy wholly between the said receivers and the said plaintiff; but, upon the contrary, the suit was against the Central Ohio Railroad Company and the receivers as jointly liable for the tort by which the plaintiff had suffered. The defendant in error entered a motion in the circuit court to remove the cause to the circuit court for want of jurisdiction, but this motion was never acted upon. There was a jury, and verdict, and a joint judgment against the said Central Ohio Railroad Company, as reorganized, and the said Cowen and Murrey, as receivers of the Baltimore & Ohio Railroad Company for $4,500. Errors were assigned going to the merits of the case, but none in respect to the jurisdiction of the court. Upon the argument of the case in this court the plaintiffs in error raised the point that the suit had been improperly removed from the state court, and moved this court to reverse the judgment and direct that the cause be remanded to the state court, as improperly removed. The court, entertaining grave doubt as to the jurisdiction of the circuit court, certifies to the supreme court for its instruction this question: "(1) Is a suit removable from a state court to a United States court upon the petition of the receivers alone, when the action is against receivers, appointed by a United States court and also against a corporation created under the laws of the state of which the plaintiff is a citizen, when the action is a single action against both defendants for a joint tort."